## ADONIJAH STANBOROUGH v. JOHN LYND.

Supreme Court. Sussex. October 11, 1799.

*Wilson's Red Book, 255.*

*Ridgely.* Presuming that it was not his object to require bail hereafter in the action, and declaring that Mr. Brown should be discharged as bail, he insisted that plaintiff and defendant were the only parties to the action. Whatever was done in the cause in making, complying with, or taking advantage of rules must be done by them, or their attorneys who represent them. It will not be allowed to third persons and strangers either to move the court for, or to go into office and take advantage of, the rules. This would become a source of much inconvenience and mischief; even attorneys were anciently, though sworn officers of the courts, obliged to have from each client a written authority. The bail in an action are only answerable for defendant's appearance; they are not defendants nor entitled to do anything but surrender their principal. In this case the *non prosequitur* was neither entered by defendant nor his attorney but by Mr. Brown without

their knowledge, though the attorney afterwards approved of it; it is therefore irregular and ought to be set aside for that reason.

*Wilson.* The plaintiff's offers to discharge the bail in the event of success cannot affect the regularity or irregularity of entering the judgment on *non prosequitur.* We admit that strangers or third persons uninterested in the cause cannot neither lay nor take advantage of rules, but [in] this case the bail, who appears in this alone to be interested, on the defensive has taken advantage of the rule. Bail cannot be witness, because interested in the event of the suit, 1 Term 164, 2 Esp.N.P. 704. Mr. Brown is to be considered as bail to the sheriff and had a right to put in and perfect bail in this action, and enter appearance, receive a declaration, and try the cause; he even had power to take short notice of, or by his agreement speed the trial of the cause, Tidd Pr. 84, 85. Can it be said then that he who has a right to put in bail and actually personate defendant by receiving a declaration and go to trial, which implies also pleading, has not a right to enter the *non prosequitur* for not declaring; if the Court will allow the bail without particular permission to try a cause, will they refuse him the liberty to take the legal advantages of rules? Mr. Brown was the person who expected to try this cause, considering himself, as he was, the person interested; he directs a *non prosequitur* according to the rule. Suppose money had been deposited in Mr. Brown's hands by defendant, would it be fair to let him be discharged in this case, and by that means judgment be entered for want of defense, when Mr. Brown had a right to try the cause as bail and take the risk of a verdict (6 Term 246.) ?

PER CURIAM. The judgment ought not to have been entered, and being irregularly entered, the mere approbation of the attorney could not make it good.

The rule was made absolute, and the bail discharged.

**WILSON HUNT v. AGNESS WAPLES, Administratrix.**

Supreme Court. Sussex. October 11, 1799.

*Wilson's Red Book, 258.*